Battle, J.
 

 This case'comes before us for further directions upon certain exceptions, heretofore filed by eacli party, to the report of Mr. Commissioner Troy, in relation to the administration by the defendant, Smith, of the estate of his intestate, Patrick B. Threadgill, who was the executor of Thomas
 
 *170
 
 Threadgill. The counsel for the defendant, Smith, now insists that there is no decree against, his client, and urges that as an exception to the whole report. We think the exception cannot now be entertained by ns. The liability of Patrick B. Threadgill to the plaintiffs on account of a
 
 devastivit
 
 of the assets of the testator, has been adjudicated in this Court, and upon that the liability of the other defendants was predicated, as will be seen in the opinion heretofore given in the cause, (see 3 Jones’ Eq. 50.) The administrator of the said P. P. Thread-gill was, after his death, made a party to the suit, and submitted to the reference to the commissioner, and upon the coming in of his report, at the last term of this Court., — filed exceptions thereto, at which time, the counsel for the plaintiffs, also filed his exceptions. The only questions, then, which are now before us, arise upon the report and the exceptions thereto. If the defendant, Smith, wish now to object to the whole report, upon the ground stated by his counsel, he should bring it forward by a petition to rehear the order for the reference, and that would probably be met by a motion to enter,
 
 nune pro tuno,
 
 a decree to which the plaintiffs were, and are still, clearly entitled.
 

 We will proceed then to consider the exceptions to the report of the commissioner, and will take up, first, that filed by the defendant, which is, “ because he has rejected the vouchers mentioned in his report, they being proper debts, charges and expenditures of the estate of his intestate, and not of inferior dignity to the claim of the plaintiff against the estate of Thomas Threadgill.” This exception seems to be based upon the ground, that the plaintiffs are now proceeding against the estate of Thomas Threadgill, the testator of the defendant, Smith’s intestate, Patrick B. Threadgill. This is a mistake; P. 13. Threadgill, by his
 
 devusta/vit,
 
 rendered himself personally liable for the plaintiff’s debt, and after their bill -was filed, for the purpose of enforcing that liability, as well as for purpose of following some of the wasted assets in the hands of the other defendants, the defendant, Smith, had no right torn alie a voluntary payment to other creditors of his. intestate,,
 
 *171
 
 whose debts were not of higher dignity. This is common learning, and does not require the citation of any authority in its support.
 

 The exceptions of the plaintiffs are three in number, and we will consider them in the order in. which they are stated.
 

 1. The first is, that the commissioner has credited the administrator with the receipt of the widow of the intestate for §75, the amount of her “ year’s allowance as laid off by the commissioners appointed by the Court.” This receipt appears to. have been given on 14th day of October, in 1856, which was before any decree was obtained in the cause against the administrator for the devastavit of his intestate. The claim of the plaintiffs was, therefore, at most, but a debt against the intestate, over which the Eevised Code, ch. 118, sec. 20', gave the widow’s year’s allowance a preference. The exception must, therefore, be overruled.
 

 The second exception is, that the administrator is credited! with sundry payments whjch appear to have been made in the year 1857, on judgments rendered against the intestate more than ten years before, to wit, in, the years 1842 and 1843.. The counsel for the plaintiffs contend, that these judgments were, in law, presumed to have been paid, and therefore, the administrator paid again in his own wrong, and that the plaintiffs ought not to be prejudiced by it. On the other hand, the counsel for the administrator insists that he was not bound to plead or rely upon the statute of presumptions, and that if he believed the debt to b© an honest one, he had not only a right to pay it, but it was his duty to do so. We do not doubt that an executor or administrator has a discretion whether he will plead tb© ordinary statute of limitations to a claim against the estate of his testator or intestate, and that if he is satisfied that the claim is just, he is not bound to plead the statute in a suit against him at Law. But we think the case is different where the alleged claim or debt is so old and stale, that the common or statute law raises a presumption, of its having been paid, from tlie lapse of time. In such a case, the administrator, before be pays such a claim, ought to show that the presump-
 
 *172
 
 lion was untrue, and that it had not, in fact, been paid or satisfied; see
 
 Williams v.
 
 Maitland, 1 Ired. Eq. Rep. at p. 100;
 
 McCulloch
 
 v. Daws, 22 Eng. Com. Rep. 386;
 
 Shaven
 
 v.
 
 Van
 
 derhorst, 4 Eng. Con. Ch. Rep. 458. Especially ought such proofs to he required where a creditor of an intestate .has a ¡suit pending against the administrator, upon which he after-wards obtains.a decree. This exception, is therefore, sustained.
 

 The third exception is, that the administrator is credited with sundry payments made in the year 1857, on judgments obtained against the administrator in suits on bonds given by the intestate more than ten years before. In these suits, the adtaainistrator set up no defense, .and permitted the judgments to be given against him by default. For the reasons assigned in sustaining the second exception, we think the present must also be held valid..
 

 The result is, that the report must be recommitted to Mr. commissioner Trey, with instructions to disallow the vouchers mentioned in the second and third exceptions of the plaintiffs, unless the defendant Smith can show that the claims for which those vouchers were taken, and which by presumption of law were paid, were never, in fact, paid. .The commissioner must leport the evidence, if any be offered to rebut the presumption of payment which the statute, raises from the lapse of time.
 

 Pee Oueiam, Re-referred to commissioner.